UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 21-577 |
| SCOTT J. DAVIS | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer Lowery, Acting United States Attorney for the Southern District of Texas and John Wakefield, Assistant United States Attorney; Joseph S. Beemsterboer, Acting Chief, United States Department of Justice, Criminal Division, Fraud Section ("Fraud Section"), and Edward E. Emokpae, Trial Attorney, and the defendant, Scott J. Davis ("Defendant"), and Defendant's counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with wire fraud, in violation of 18 United States Code, Section 1343. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The statutory maximum penalty for each violation of 18 United States Code, Section 1343, is a term of imprisonment of not more than 20 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment

of not more than 3 years. 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 2 years, without credit for time already served on the term of supervised release prior to such violation. 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.  Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea

of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that 28 U.S.C. § 1291, and 18 U.S.C. § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under 28 U.S.C. § 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.  Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

The United States agrees to each of the following:

> If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding – Southern District of Texas and Fraud Section Only

9.  The United States Attorney's Office for the Southern District of Texas and the Fraud Section agrees that it will not further criminally prosecute Defendant for offenses arising from

conduct charged in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the Fraud Section and Defendant. It does not bind any other United States Attorney's Office or any other unit of the Department of Justice. The United States Attorney's Office for the Southern District of Texas and the Fraud Section will bring this plea agreement to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under Guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the

United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

12. Pursuant to Rule 11(c)(1)(B) the parties agree that they jointly will recommend that the Court make the following findings and conclusions as to the Sentencing Guidelines calculation and applicable fine, and that the applicable burden of proof for each finding of fact and law has been satisfied. Defendant understands that this recommendation is not binding on the Court, and if the Court refuses to follow the recommendations set forth in this paragraph, Defendant will not be permitted to withdraw his guilty plea.

<u>Offense Level</u>. The *total* offense level is 24, calculated as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(2) |
| Loss between $1.5mil - $3.5mil | 16 | U.S.S.G. § 2B1.1(b)(1)(I) |
| Sophisticated Means | 2 | U.S.S.G § 2B1.1(b)(10)(C) |

6

| | | |
|---|---|---|
| More than $1 mil. Financial Inst. | 2 | U.S.S.G. § 2B1.1(b)(17)(A) |
| Acceptance of Responsibility | -3 | U.S.S.G § 3E1.1 |
| Final Offense | 24 | |
| Criminal History Category | III | U.S.S.G § 4A1.1.(a) and (d) |

13. Defendant understands that the Government's agreement to recommend an acceptance of responsibility reduction is contingent upon his continuing manifestation of acceptance of responsibility, and should Defendant deny his involvement or give conflicting statements concerning his involvement, the Government shall not be bound to recommend any reduction in offense level for acceptance of responsibility.

14. The parties agree that they will not seek any other enhancements or reductions to the offense level under the Sentencing Guidelines beyond those recommended in paragraph 13, except that the Defendant reserves the right to argue at sentencing that the Defendant was a minor participant in the criminal activity, under Sentencing Guideline§ 3B1.2. This paragraph does not prohibit Defendant from arguing that consideration of the factors listed in Title 18, Section 3553(a) warrants a sentence outside the applicable Guidelines range.

### Rights at Trial

15. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.

The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witness s and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

If this case were to proceed to trial, the United States could prove each element of the charged offense beyond a reasonable doubt. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Indictment. The following facts, among others, would be offered to establish Defendant's guilt. The factual basis does not identify all of the persons who may have been involved in illegal activity or facts known to Defendant concerning the illegal activity in which he and others may have engaged.

At all times relevant to the Indictment, Defendant was a citizen of the United States and a resident of Harris County, Texas, and Defendant claimed to represent business entities named Skilled Trade Investments, LP ("STILP"), Skilled Trade Staffing, LLC ("STS"), and Skilled Trade Investments GP, LLC ("STIGP").

Between in or around April and in or around May 2020, Defendant submitted three false and fraudulent PPP loan applications to Financial Institution 1 (two of the three transactions through Company 1) in the name of his companies making use of interstate wire communications. The applications falsely represented STILP, STS, and STIGP's payroll and number of employees. Specifically, on or about April 30, 2020, Defendant submitted an application for STILP claiming 113 employees, a monthly payroll of $233,469, and requested a loan amount of $583,673; on or about May 2, 2020, Defendant submitted an application for STS claiming 87 employees, a monthly payroll of $387,000 and requested a loan amount of $967,500; and on or about May 2, 2020, Defendant submitted an application for STIGP claiming 138 employees, a monthly payroll of $718,256, and requested a loan amount of $1,795,640. To support these fraudulent assertions, Defendant fabricated supporting records which he included with each PPP loan application. For example, Defendant fabricated IRS Form 941s for STS, STILP, and STIGP which Defendant knew had never been filed with the IRS. In the STS, STILP, and STIGP Loan applications, Defendant listed addresses for his business, including 16190 Farm to Market 2920, Suite A, Tomball, Texas 77377 which was not ever the actual location of that business.

In addition, the PPP loan applications that Defendant submitted for STS, STILP, and STIGP required that he certify that "within the last 5 years, for any felony, has the Applicant or any owner of the Applicant been; 1) convicted, 2) pleaded guilty, 3) pleaded nolo contendere, 4) been placed on pretrial diversion, or 5) been placed on any form of parole or probation. Defendant responded "No" when, in fact, as Defendant knew, on April 5, 2017, he plead guilty to one count of wire fraud in the Southern District of Texas was sentenced to 37 months BOP followed by three years supervised release.

Defendant, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, did knowingly transmit and caused to be transmitted, by means of wire communications in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds: an electronic transfer on May 4, 2020, of $583,673 representing PPP loan disbursement for STILP from Financial Institution 1 to Financial Institution 2 account x7506; an electronic transfer on May 5, 2020, of $1,795,640 representing PPP loan disbursement for STIGP from Financial Institution 1 to Financial Institution 2 account x3432; and an electronic transfer on May 7, 2020, of $967,500 representing PPP loan disbursement for STS from Financial Institution 1 to Financial Institution 2 account x6400.

After Defendant received the proceeds of the PPP loan funds, he spent it on items that he knew not to be permissible under the rules or purpose of the PPP, including: buying real estate, luxury vehicles, and private jet travel.

10

Defendant's actions in furtherance of the offense charged, including but not limited to the acts described above, were done willfully, knowingly, with the specific intent to violate the law, and not because of accident, mistake, or other innocent reason. Defendant's actions were in the Southern District of Texas and in other Districts.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant fails to enter or attempts to withdraw his guilty plea; challenges the knowing or voluntary nature of the plea; retains, conceals, or disposes of assets in violation of this plea agreement; or knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, including any statements made by Defendant, including, but not limited to, the factual basis for his guilty plea, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, can and will be used against Defendant in any criminal or civil proceeding.

17. Defendant is prosecuted after failing to comply with any promises made pursuant to the plea agreement, then Defendant: (a) agrees that any statements Defendant made to any law enforcement or other government agency or in Court, whether or not made pursuant to the

11

cooperation provisions of the plea agreement, may be used in any way; (b) waives any and all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, to suppress or restrict the use of any statements, or any leads derived from those statements; and (c) waives any defense to any prosecution that is time barred by the statute of limitations, if that limitations period has run between the date of this plea agreement and the date Defendant is indicted.

### Restitution, Forfeiture, and Fines – Generally

18. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.

Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

21. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

22. Defendant agrees to pay full restitution to the victims regardless of the count of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victims incurred a monetary loss of at least $3,346,813. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

23. Defendant stipulates and agrees that the property listed in the Indictment Notice of Criminal Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

   a. 2020 Cadillac Escalade, VIN #1GYS3KKJ9LR213301, Texas License Plate SR717;

   b. 2021 GMC Sierra, VIN #3GTU9FET5MG229059, Texas License Plate STA01.

   c. A 5.58 Carat diamond, and the piece of jewelry it may be attached to, purchased for approximately $30,000;

   d. A 2.60 Carat diamond, and the piece of jewelry it may be attached to, purchased for approximately $6,500.

   e. 3019 Linkwood Drive, Houston, TX 77025 with a legal description of:

   *Lot Eight (8), In Block Ten (10), of Knollwood Village, Section Seven, a Subdivision in Harris County, Texas, according to the map or plat thereof, recorded in volume 40, page 55 of the map records of Harris County, Texas.*

   f. 23226 Oak Hollow Lane, Tomball, TX 77377 with a legal description of:

   *Situated in the City of Tomball, County of Harris, and State of Texas:*

   *All that certain tract or parcel containing 5.593 acres of land in the J.H. Edwards Survey, A-20, Harris County, Texas, being a portion of a 32.0467 acre tract which was conveyed from E. Wheeler Coe, Jr. Trustee,*

to John R. Frey, Trustee, by an instrument of record in File No. F991833 of the Official Public Records of Real Property of Harris County, Texas (HCOPRRP), said 5.593 acres being more particularly described as follows, to Wit:

Commencing for Reference at a 2" iron pipe found marking the southeast corner of the aforementioned 32.0467 acre tract, also being the most easterly northeast corner of a 132.7706 acre tract conveyed from Thomas A. Glazier, et al, to John R. Fray Properties, Inc. by an instrument of record in File No. F853837, HCOPRR;

Thence N 0 degrees 0145' E, 511.48 feet along the east line of said 32.0467 acre tract to a 1/2" iron rod found at the angle point;

Thence N 0 degrees 18'43" E, 1027.25 feet along the east line of said 32.0467 acre tract to a 5/8" iron rod set for the southeast corner and Place OF BEGINNING of the tract herein described;

Thence N89 degrees 29'09" W, 266.26 feet along the center line of a 45 foot road to a point for Southwest corner;

Thence N 0 degrees 30'51 E, at 22.50 feet pass a 5/8" iron rod set for reference in the north line of said 46 foot road, at 825.81 feet pass a 5/8" iron rod set for reference, and continuing for a distance in all of 860.81

*feet to a point for northwest corner in the center line of Spring Creek;*

*Thence S 88 degrees 31'30" E, 47.79 feet along the center line of Spring Creek to an angle point;*

*Thence N 55 degrees 57'01" E, 260.99 feet along the center line of Spring Creek to a point for northeast corner also being the northeast corner of the aforementioned 32.0467 acre tract;*

*Thence S 0 degrees 18'43"W, along the east lien of said 32.0487 acre tract at 985.59 feet pass a 5/8" iron rod set for reference in the north line of said 45 foot road, and continuing for a distance in all of 1008.09 feet to the Place of Beginning and containing 5.593 acres of land.*

24. Defendant stipulates and agrees that Defendant obtained at least $3,346,813 from the criminal offense and that the factual basis for his guilty plea supports the forfeiture of $3,346,813 Defendant stipulates and admits that one or more of the conditions set forth in 21 U.S.C. § 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $$3,346,813. Defendant agrees to the imposition of a personal money judgment in that amount.

25. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

26. Defendant consents to the order of forfeiture becoming final as to Defendant

immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

27. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

28. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

29. This written plea agreement constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

30. Any modification of this plea agreement must be in writing and signed by all

parties.

Filed in Houston, Texas, on ___May 26___, 2022.

_____
Scott Jackson Davis
Defendant

Subscribed and sworn to before me on ___May 26___, 2022.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

_____
Deputy United States District Clerk

APPROVED:

JENNIFER LOWERY
Acting United States Attorney
Southern District of Texas

By: _____
JOHN WAKEFIELD
Assistant United States Attorney
Southern District of Texas
JWakefield@usa.doj.gov
(713) 567 9638

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

_____
EDWARD E. EMOKPAE
Trial Attorney
Fraud Section
U.S. Department of Justice
Edward.Emokpae@usdoj.gov
(202)875-1551

18

By: /s/ Phillip Gallagher
PHILLIP GALLAGHER
Attorney for Defendant
Supervisory Assistant Federal Public Defender
Southern District of Texas
(713) 718-4600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO. 21-577 |
| SCOTT J. DAVIS | |

PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the Court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____  \_\_\_5/26/22_____
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  \_\_\_5/26/22_____
Defendant                             Date