United States Courts
Southern District of Texas
F I L E D

JUL 14 2022

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CRIMINAL NO. 4:21-CR-00577 |
| v. | § | |
| | § | |
| SCOTT J. DAVIS, | § | |
| | § | |
| *Defendant.* | § | |

## PETITION FOR ADJUDICATION OF INTEREST

E. Alan Tiras and E. Alan Tiras, P.C (collectively, "Petitioner"), by and through counsel and pursuant to 18 U.S.C.A. §981(c), files this Petition for Adjudication of Interest and would show as follows:

1. On June 17, 2022, Petitioner received the Notice of Preliminary Order of Forfeiture dated June 14, 2022.

2. Pursuant to the Court's June 3, 2022 Preliminary Order of Forfeiture ("Order"), this Court has before it presently the question of forfeiture to the United States Government of the certain described property including, but not limited to, the following:

    a.    Real property at 23226 Oak Hollow Lane, Tomball Texas 77977 Harris County with a legal description of All that certain tract or parcel containing 5.593 acres of land in the J.H. Edwards Survey, A-20, Harris County, Texas, being a portion of a 32.0467 acre tract which was conveyed from E. Wheeler Coe, Jr., Trustee, to John R. Frey, Trustee, by an Instrument of record in File No. F991833 of the Official Public Records of Real Property of Harris County, Texas (HCOPRRP), as further described in the Order (the "Oak Hollow Property");

  b. Real property at 3019 Linkwood Drive, Houston, Texas 77025 with a legal description of: Lot Eight (8), Block Ten (10), of Knollwood Village, Section Seven, a Subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 40, Page 55, Map Records, Harris County, Texas (the "Linkwood Property");

  c. Personal property described as (1) a 2020 Cadillac Escalade, VIN # 1GYS3KKJ9LR213301, Texas License Plate SR717; (2) a 2021 GMC Sierra, VIN # 3GTU9FET5MG229059, Texas License Plate STA01; (3) a 5.58 Carat Diamond, and the piece of jewelry it may be attached to, purchased for approximately $30,000; and (4) a 2.60 Carat Diamond, and the piece of jewelry it may be attached to, purchased for approximately $6,500 (collectively the "Personal Property").

2. Petitioner states and alleges that Petitioner has a superior claim to right, title and interest to the Oak Hollow Property and Linkwood Property, and upon information and belief the Personal Property, at the time of entry of this Court's Order of Forfeiture for the reasons set forth hereinafter. The Oak Hollow Property and Linkwood Property should either not be forfeited to the United States Government and should be returned and set over to Petitioner, or if sold by the Government, Petitioner should retain his lien interests in the proceeds of a sale of such properties.

3. Scott J. Davis ("Defendant") is a habitual criminal and fraudster. By Judgment dated June 24, 2015, in Case No. CV11-02360, In the Second Judicial District Court of the State of Nevada In and For the County of Washoe, styled: *E. Alan Tiras, a Professional Corporation and E. Alan Tiras, an individual v. Scott Davis et al.,* judgment in the amount of Five Hundred Twenty Six Thousand Two Hundred Eighty Three Dollars and Sixty-Seven Cents ($526,283.67)

plus accruing interest[1] was entered against Defendant Scott Davis and the amount of Four Hundred Thirty-Nine Thousand Seven Dollars and Sixty-Six Cents ($439,007.66) plus accruing interest[2] was entered against Defendant Sandra Ramirez and Oceanwater Consultants, LLC (the "Nevada Judgment"). (Exhibit A.1). The Nevada Judgment related to a fraud that Scott Davis, Sandra Ramirez, and Oceanwater Consultants, LLC perpetrated on Petitioner in effect stealing substantial sums from Petitioner. The Nevada Judgment was domesticated in Texas in Cause No. 2015-39348, in the 11th Judicial District Court, Harris County, Texas making it a Texas judgment ("Judgment"). (Exhibit A.2). Petitioner then caused an abstract of judgment to be recorded on August 17, 2015 in the real property records of Harris County, Texas. (Exhibit A.3). Such abstract attached to the real property owned or thereafter acquired by the debtors, and created a judgment lien against such property. *See* TEX. PROP. CODE ANN. § 52.001. The Linkwood property was already owned by debtor Sandra Ramirez at the time the abstract of judgment was filed. In addition, Petitioner caused to be issued writs of execution in 2015 to seize property of Defendant as well as the other judgment debtors.

4. In conjunction with the events that led to the Nevada Judgment, Defendant was charged and pled guilty to wire fraud in violation of 18 U.S.C. §§ 1343 and 2 in Case No. 4:16-cr-00214, styled: *United States of America v. Scott Jackson Davis*, in the Southern District of Texas, Houston Division (the "2017 Conviction"). As a result of the 2017 Conviction, Defendant was (briefly) incarcerated and ordered to pay restitution in the amount of Two Hundred Eight Thousand Dollars and No Cents ($208,000.00). Only $3,425 of the restitution has ever been paid by Defendant.

---

[1] As of July 15, 2022, the outstanding judgment balance against Davis is $797,352.48.
[2] As of July 15, 2022, the outstanding judgment balance against Ramirez is $664,417.16.

5. By General Warranty Deed dated May 27, 2020, recorded as Instrument No. RP-2020-224952, Official Public Records, Harris County, Texas, Scott J. Davis and Sandra Leigh Ramirez, Co-Trustees of the Texas Star 2019 Capital Revocable Living Trust dated November 1, 2019 acquired the Oak Hollow Property. Defendant, albeit purporting to act through a trust of which he was a co-trustee with debtor Ramirez and a beneficiary[3], paid cash for the Oak Hollow Property.

5. In December 2020, Defendant attempted to refinance the Oak Hollow Property and "cash-out" Six Hundred Fifty Thousand Dollars and No Cents ($650,000.00) in "equity" in the Oak Hollow Property. The proposed title company for that transaction discovered the existence of the Judgment by virtue of the abstract filed the real property records of Harris County, Texas.

6. The title company then contacted Petitioner through counsel, notifying him of the proposed refinance and inquiring as to the payoff amount of the Nevada Judgment. Petitioner provided the payoff amount of the Judgment plus accrued interest ($704,924.53) as of December 31, 2020 and a daily rate of interest at $75.70 per diem at that time.

7. Given the criminal restitution order and Defendant's failure to pay the restitution as well as properly report his financial information, Petitioner had already been in contact with Assistant United States Attorney Jay Hileman regarding such matters. When Petitioner learned

---

[3] The trust agreement apparently signed by Defendant in 2019 purports to form a "revocable trust"(which Petitioner does not concede) and provides Scott Davis is the settlor/grantor, trustee, and beneficiary. It also contains spendthrift provisions. "In Texas, a settlor cannot create a spendthrift trust for his own benefit and have the trust insulated from the rights of creditors. Such an instrument is "self-settled" and, therefore, invalid." *Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 378 (Tex. App. -- San Antonio 1992, *writ denied* ); *see also Bank of Dallas v. Republic Nat. Bank of Dallas*, 540 S.W.2d 499, 501 (Tex. Civ. App.-- Waco 1976, *writ ref'd n.r.e*) ("And where a settlor creates a trust for his own benefit, and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interest under the trust by garnishment."). Finally "[a] trust may be created for any purpose that is not illegal." TEX. PROP. CODE ANN. § 112.031. "The terms of the trust may not require the trustee to commit a criminal or tortious act or an act that is contrary to public policy." *Id.*

about the Oakwood property, Petitioner specifically reached out to Mr. Hileman to discuss the Oakwood property and Petitioner's desire to take action against the Oakwood Property to satisfy all or part of the Judgment. Mr. Hileman advised Petitioner that the United States was investigating Defendant for possible PPP loan fraud. Petitioner agreed with Mr. Hileman that Petitioner may seek documents in connection with the proposed refinancing transaction to learn about the transaction but would not take action against the trust so as not to interfere with this potential criminal case against Defendant. Petitioner subpoenaed the title company's file regarding the refinance. Upon receipt of the subpoenaed documents from the title company, Petitioner provided Mr. Hileman a copy of the title company's file on Defendant to assist the United States in its investigation.

8. Petitioner alleges to the Court that his rights as a judgment creditor under the Judgment to the Oak Hollow Property, Linkwood Property, and Personal Property[4] that are subject to this action preceded any interest of the Government in such property and that such rights vested in Petitioner prior to this Court's entry of its Order forfeiting the Oak Hollow Property, Linkwood Property, and the Personal Property. Upon information and belief, Petitioner asserts he has a legal right, title, or interest in the property at issue, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the Petitioner rather than the Defendant or was superior to any right, title, or interest of Defendant at the time of the commission of the acts which gave rise to the forfeiture of the property.

---

[4] Petitioner was advised by Defendant's assistant several years ago that the money that Defendant stole for Petitioner (that was the subject of events that led to the Nevada Judgment) was used to purchase a diamond ring for debtor Ramirez that, upon information and belief, is the larger of the two diamond rings in the Personal Property.

9. Alternatively, Petitioner requests that, if the United States sells the Linkwood Property, the Oakwood Property, or the Personal Property that the Court order that Petitioner's judgment lien interest be retained in the proceeds of the sale of the property. *See* 28 U.S.C. §524 (c)(1)(D).[5]

WHEREFORE, Petitioner respectfully requests that this Court (A) amend its Preliminary Order of Forfeiture or issue a final forfeiture order in connection with the Oak Hollow Property, Linkwood Property and/or Personal Property to either (i) order Petitioner's interest in such property prevents the forfeiture in whole or in part; or (ii) order that Petitioner's judgment lien extends to the proceeds of the sale of Oak Hollow Property, Linkwood Property, and/or Personal Property by the Government; and (B) grant Petitioner all relief, in law or in equity, that Petitioner may be entitled.

I, E. Alan Tiras, declare under penalty of perjury that the foregoing facts are true and correct. Executed this 13 day of July 2022.

E. Alan Tiras, Petitioner

---

[5] It should be noted that, if funds from the PPP loan fraud were used to purchase the Oakwood Property, Petitioner may also have rights as an informant to be paid under 28 U.S.C. §524(c)(1))(B) or (C) or as a relator under the Federal False Claims Act, 31 U.S.C. § 3730.

Respectfully submitted,

*/s/ Kenneth M. Krock*
Kenneth M. Krock
Federal ID No. 20449
Texas Bar No. 00796908
Rapp & Krock, PC
1980 Post Oak Blvd, Suite 1200
Houston, Texas 77056
(713) 759-9977 telephone
(713) 759-9967 facsimile
kkrock@rappandkrock.com
**ATTORNEY FOR PETITIONER**

Of Counsel:
Scott Seidl
Federal ID No. 3631011
Texas Bar No. 24058366
Rapp & Krock, PC
1980 Post Oak Blvd, Suite 1200
Houston, Texas 77056
(713) 759-9977 telephone
(713) 759-9967 facsimile
sseidl@rappandkrock.com

## CERTIFICATE OF SERVICE

This is to certify that, on July 14, 2022, a true and correct copy of the foregoing was electronically filed through the Court's electronic filing system and served on

Rick Blaylock
Assistant United States Attorney
United States Attorney's Office
600 E. Harrison, Suite 201
Brownsville, Texas 78520
and
Rick Blaylock
Assistant United States Attorney
United States Attorney's Office,
1000 Louisiana, Suite 2300
Houston, Texas 77002

*Via email, certified and regular mail on July 14, 2022*

*/s/ Kenneth M. Krock*
Kenneth M. Krock