United States Courts
Southern District of Texas
FILED

SEP 2 6 2022

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CRIMINAL NO. 4:21-CR-577** |
| | § | |
| **SCOTT JACKSON DAVIS,** | § | |
| | § | |
| *Defendant.* | § | |

**DECLARATION OF KATHY ANN TERRY IN SUPPORT OF HOLLY CREEK**
**ESTATES PROPERTY OWNERS ASSOCIATION**

Comes now Holly Creek Estates Property Owners Association (the "Association"), an interested party through its attorney Kathy Ann Terry, PO Box90141, Houston, Texas 77269, for its claim in and to certain real property forfeited by Defendant Scott Jackson Davis ("Davis") to Plaintiff the United States of America ("Plaintiff") in the above-captioned action states to the Court as follows:

The Association claims an interest in the following real property, ordered by the court condemned and forfeited to Plaintiff, and with a street address of 23226 Oak Hollow Lane, Tomball, Texas 77377 (the "Property"):

> All that certain tract or parcel containing 5.593 acres of land in the J.H. Edwards Survey, A-20, Harris County, Texas, being a portion of a 32.0467 acre tract which was conveyed from E. Wheeler Coe, Jr., Trustee, to John R. Frey, Trustee, by an Instrument of record in File No. F991833 of the Official Public Records of Real Property of Harris County, Texas (HCOPRRP), said 5.593 acres being more particularly described as follows, to Wit:

> Commencing for Reference at a 2" iron pipe found marking the southeast corner of the aforementioned 32.0467-acre tract, also being the most easterly northeast corner of a 132.7706-acre tract conveyed from Thomas A. Glazier, et al, to John R. Fray Properties, Inc. by an Instrument of Record in File No. F853837, HCOPRR;

Thence N 0 degrees 01' 45" E, 511.48 feet along the east line of said 32.0467-acre tract to a 1/2" iron rod found at an angle point;

Thence N 0 degrees 18' 43" E, 1027.25 feet along the east line of said 32.0467-acre tract to a 5/8" iron rod set for the southeast corner and Place OF BEGINNING of the tract herein described;

Thence N 89 degrees 29' 09" W, 266.26 feet along the center line of a 45-foot road to a point for southwest corner;

Thence N 0 degrees 30' 51" E, at 22.50 feet pass a 5/8" iron rod set for reference in the north line of said 46-foot road, at 825.81 feet pass a 5/8" iron rod set for reference, and continuing for a distance in all of 860.81 feet to a point for northwest corner in the center line of Spring Creek;

Thence S 88 degrees 31' 30" E, 47.79 feet along the center line of Spring Creek to an angle point;

Thence N 55 degrees 57' 01" E, 260.99 feet along the center line of Spring Creek to a point for northeast corner also being the northeast corner of the aforementioned 32.0467-acre tract;

Thence S 0 degrees 18' 43" W, along the east line of said 32.0487-acre tract at 985.59

feet pass a 5/8" iron rod set for reference in the north line of said 45-foot road and continuing for a distance in all of 1008.09 feet to the Place of Beginning and containing 5.593 acres of land, more or less.

By way of further setting forth an interest and claim in and to the Property, the

Association affirmatively states as follows:

On or about May 27, 2020, Davis, individually and in his capacity as Trustee of the Texas Star 2019 Capital Revocable Living Trust dated November 10, 2019, purchased the property located at 23226 Oak Hollow Lane, Tomball, TX, 77377. A copy of the deed is marked "Exhibit A" attached and incorporated hereto by this reference.  The property was subsequently allowed to fall into disrepair as Davis failed to remove and keep removed all trash and garbage from the property; mow on a regular basis; remove a trailer being stored at the property; and repair the fountain in his front yard in violation of the Amended Deed Restrictions.  A copy of the

Restrictions is marked "Exhibit B" attached and incorporated hereto by this reference. Additionally, Davis began remodeling the outside of the buildings on the property without Architectural Control Committee approval, also in violations of said Amended Deed Restrictions. These restrictions constitute a legally binding and enforceable contract between the Association and the homeowners. After numerous demands were made, a lawsuit was filed on November 18, 2021, Cause No. 202168338 in the Harris County District Court No. 125.

Pursuant to the terms of the Amended Deed Restrictions, Davis is also obligated to pay Assessments to the Associations. As a result, Davis currently owes the Association an outstanding balance, which is secured by the Texas Constitution. A breakdown of the balance owed by Davis is marked "Exhibit C" attached and incorporated hereto by this reference. The total currently due is $8,111.00. Association has a valid claim and lien against the Property in this amount. marked "Exhibit D," attached hereto and incorporated herein by this reference. Attached as "Exhibit E" and attached hereto is the Declaration of Francis Graves, which verifies under oath Association's claim amount upon the Property, including the facts set forth in Paragraphs above herein and the authenticity of the exhibits cited therein, and which is signed under penalty of perjury.

WHEREFORE, the Association prays the court determine its claim and lien in and to the real estate Property described herein to be valid, a prior lien on said Property, providing a right to recover proceeds derived from such Property, and that upon disposal of said real Property, the Association be paid the full amount of its above-stated claim, plus all accrued interest, fees, and costs incurred relating thereto, until paid in full, and for such other and further relief as the court deems just and equitable.

Dated: August ____, 2022

Respectfully submitted,
*/s/ Kathy Ann Terry*
Kathy Ann Terry
State Bar No. 19799320
kathyterry@outlook.com
PO Box 690141
Houston, TX 77269
281 897 9111
Fax 281 894 1602
**ATTORNEY FOR HOLLY CREEK ESTATES PROPERTY OWNERS ASSOCIATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on ~~August~~ Sep d 22 2022, by the Court's ECF noticing system on all parties that consent to such service including the following:

Rick Blaylock, Assistant United States Attorney
United States Attorney's Office 600E. Harrison,
Suite 201 Brownsville, Texas 78520
Rick.Blaylock.Jr@usdoj.gov


*/s/ Kathy Ann Terry*

Kathy Ann Terry

# Exhibit A

RP-2020-224952
05/28/2020   ER   $22.00



Capital Title
GFC _____ /VC
This document has been
electronically recorded.

## General Warranty Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date: May 27, 2020

Grantor: Louis Mategrano and Viktoria Mategrano, husband and wife

Grantor's Mailing Address: 7d Meadow Creek ln, Montgomery, TX 77356

Grantee: Scott J. Davis and Sandra Leigh Ramirez, Co-Trustees of the Texas Star 2019 Capital Revocable Living Trust dated November 01, 2019, and any amendments thereto.

Grantee's Mailing Address: 23226 Oak Hollow Lane, Tomball TX 77377

Consideration:   the sum of TEN DOLLARS ($10.00) cash, and other good and valuable consideration

Property (including any improvements):

All that certain tract or parcel containing 5.593 acres of land in the J.H. Edwards Survey, A-20,Harris County, Texas, being a portion of a 32.0467 acre tract which was conveyed from E. Wheeler Coe, Jr., Trustee, to John R. Frey, Trustee, by an Instrument of record in File No. F591833 of the Official Public Records of Real Property of Harris County, Texas (HCOPRRP), said 5.593 acres being more particularly described as follows-to-wit:

Commencing for Reference at a 2" iron pipe found marking the southeast corner of the aforementioned 32.0467 acre tract, also being the most easterly northeast corner of a 132.7706 acre tract conveyed from Thomas A. Glazier, et al. to John R. Frey Properties, Inc. by an Instrument of Record in File No. F853837, HCOPRRP;

Thence N 0 degrees 01' 45" E, 511.48 feet along the east line of said 32.0467 acre tract to a 1/2" iron rod found at an angle point;

Thence N 0 degrees 18' 43" E, 1027.25 feet along the east line of said 32.0467 acre tract to a 5/8" iron rod set for the southeast corner and Place OF BEGINNING of the tract herein described;

Thence N 89 degrees 29' 09" W, 266.26 feet along the center line of a 45 foot road to a point for southwest corner;

Thence N 0 degrees 30' 51" E, at 22.51 feet pass a 5/8" iron rod set for reference in the north line of said 45 foot road, at 825.81 feet pass a 5/8" iron rod set for reference, and continuing for a distance in all of 860.81 feet to a point for northwest corner in the center line of Spring Creek;

Thence S 88 degrees 31' 30" E, 47.79 feet along the center line of Spring Creek to an angle point;

Thence N 55 degrees 57' 01" E, 260.99 feet along the center line of Spring Creek to a point for northeast corner also being the northeast corner of the aforementioned 32.0467 acre tract;

Thence S 0 degrees 18' 43" W, along the east line of said 32.0487 acre tract at 985.59 feet pass a 5/8" iron rod set for reference in the north line of said 45 foot road, and continuing for a distance in all of 1008.09 feet to the Place of Beginning and containing 5.593 acres of land.

Reservations from Conveyance: None

Exceptions to Conveyance and Warranty:

This conveyance is made and accepted subject to all restrictions, encumbrances, easements, covenants, and conditions relating to the Property filed for record in Harris County, Texas.



Grantor, for the Consideration, and subject to the Reservations from the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the property together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold to Grantee and Grantee's successors and assigns forever. Grantor binds Grantor and Grantor's successors and assigns to warranty and forever defend all and singular the Property to Grantee and Grantee's successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

When the context requires, singular nouns and pronouns include the plural.

EXECUTED this 27 day of May, 2020.

_____
Louis Matcgrano

_____
Viktoria Matcgrano

THE STATE OF __TX__ §
                      §
COUNTY OF __Harris__ §

Before me, a Notary Public, the foregoing instrument was acknowledged on 27th day of May, 2020 by Louis Matcgrano and Viktoria Matcgrano who personally appeared before me, and who is known to me through __DL__ to be the person(s) who executed it for the purposes and consideration expressed therein, and in the capacity stated.

KAREN L. AARON
Notary Public
State of Texas
ID #132979-9
My Comm. Expires 10-28-2021

_____
NOTARY      PUBLIC,      STATE      OF

AFTER RECORDING, RETURN TO:        PREPARED IN THE LAW OFFICE OF
_____    Shaddock & Associates, P. C.
_____    2400 N. Dallas Parkway, Ste. 560
_____    Plano, Texas  75093
_____

RP-2020-224952

UNOFFICIAL COPY

RP-2020-224952

RP-2020-224952
# Pages 3
05/28/2020 11:26 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
DIANE TRAUTMAN
COUNTY CLERK
Fees  $22.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



*Diane Trautman*

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit B

J386566

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

THIS instrument is being filed to correct the Amended Restrictions filed under File No. J348319 due to incorrect distance of set back lines and addition of septic placement guidelines.

AMENDED DEED RESTRICTIONS FOR

HOLLY CREEK ESTATES - SECTION IV



STATE OF TEXAS      )
                    )
COUNTY OF HARRIS  )                    KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, by a declaration of restrictions dated June 1, 1983, JACK FREY PROPERTIES, INC., executed the certain restrictive covenants ("Restrictions") recorded under clerk's File No. H982546 ,Film Code No. 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, of the Real Property Records of Harris County, Texas, such Restrictions being covenants running with the lands described in Exhibit "A" attached hereto and being incorporated herein by references for all purposes, said lands known as HOLLY CREEK ESTATES, Section IV an unrecorded subdivision in Harris County, Texas, and consisting of 22.862 acres out of the John H. Edwards Survey, A-20 in Harris County, Texas; and

WHEREAS, all of the present owners of record of the lands affected by said restrictions desire to amend said Restrictions: Now, therefore,

KNOW ALL MEN BY THESE PRESENTS, that the undersigned, being all of the present owners of the lands affected by said Restrictions, do herein and hereby, by our respective signatures hereunder, amend said Restrictions and covenants contained in the instrument dated June 1, 1983, so as to read and be covenant running with the land as follows:

Developer desires to create and carry out a uniform plan for the improvement, development and sale of all of the tracts in the Subdivision; and, to that purpose, Developer hereby adopts, establishes and imposes the following declarations, reservations, protective covenants, and limitations governing conveyance of all tracts in the Subdivision; and each contract or deed which may be hereafter executed with regard to any of the tracts in the Subdivision shall conclusively be held to have been executed, delivered and accepted subject to the following (regardless of whether or not the same are set out in full or by references in said contract or deed).

1. The Subject Property may not be divided into smaller tracts.

2. Said property shall be used for single family residential purposes only, with only one single family residence permitted on each tract partitioned out of the Subject Property.

3. No trailer, mobile home, tent, shack, or other temporary structure shall be erected, placed or maintained on said property and no temporary building, basement, garage, or other outbuilding erected on said property shall at any time be used for human habitation except by bona fide servants or guests), either temporarily or permanently. However, additional buildings for servants and guests are permitted.

4. Any residence constructed on said subject property shall be new construction with the exception of used brick and other such decorative accessories as are customarily used by builders in the construction of new residences. All residences shall contain not less than 3,000 square feet of living area, exclusive of porches, breezeways and patios and garage. All residences must have at least a two car garage.

5. All property owners shall submit plans and specifications for any structure to be placed upon the property to the Developer prior to starting any construction upon the property. These plans will be reviewed for compliance with the restrictions and for architectural acceptability. The Developer will assign his rights of review to the Homeowner's Association at such time as the Association is prepared to undertake the review process.

6. No building or structure shall be located on any lot nearer than sixty (60) feet to the nearest road easement line or thirty two and a half

HC4-DR.184

(32.5) feet to any cul-de-sac easement line. Eaves, steps, and open porches shall not be considered as part of the building, but this definition shall not permit any portion of a building, including the aforesaid, to be nearer than twenty-five (25) feet from the property line, except when two or more adjacent lots are used as one building lot. Excepting that, the Developer or Homeowner's Association Board of Directors shall have the right to grant variances to this section when the configuration of that lot makes said set back lines unreasonable and said variance will, in the opinion of the Developer or Board, be in harmony with existing structures and will not materially detract from the aesthetic appearance of the subdivision.

7.   No business or commercial structure of any kind or nature whatsoever shall be built on any portion of the property.

8.   No obnoxious or offensive activity may be carried on or conducted on the property, nor shall anything be done thereon which may be or become an annoyance or nuisance to adjoining property owners.

9a.  All exterior improvements must be completed in a reasonable length of time.   It is stipulated that a reasonable length of time for the completion of the exterior part of improvements, residence or other structure is twelve (12) months from the date the slab or foundation is poured or installed.

b.   No building material of any kind or character shall be placed or stored upon the property until the owner is ready to commence improvements and then such material shall be placed within the property lines on the lot or parcel of land upon which improvements are to be erected, and shall not be placed on the streets or between the curb and property line.

10.  No trash, garbage, putrescible matter or debris of any kind shall be dumped or permitted to accumulate on said property.

11.  No animals, livestock, poultry, dogs, cats, and such may be kept or permitted on the premises, except as pets or for domestic use.  Nothing herein contained shall ever be construed so as to permit the keeping of animals and pets to become a nuisance or obnoxious to the occupants of neighboring property, or to become a hazard to the health, welfare, and well being of the community. It is further understood and agreed that no hogs or swine shall be kept on any part of the Subject Property for any purpose whatsoever. Homesites consisting of more than one lot and/or having two (2) or more acres shall qualify for one (1) large animal for each acre of land.

12.  No cess pools shall be dug or permitted on the property.  Septic tanks will be permitted on the property but their construction and location shall comply with all existing state, county or other laws relating thereto. The location of all septic systems and water wells shall conform to the locations designated on the subdivision plat prepared by the Developer in order to protect the development of adjacent lots consistent with applicable health laws. In any event, however, no septic tank shall be constructed or maintained closer than twenty-five (25) feet from any property line or roadway easement.  No septic tank may be shared with any other property owner.  There shall be no outside toilet built or used on the premises.

13.  No repair work, dismantling or assembly of motor vehicles or any machinery or equipment shall be done in any street, or in the front or side yards of any tract.

14.  No boat, luggage trailer, travel trailer, cattle trailer or motorhome is to be parked on any tract for more than twenty-four (24) hours unless said trailer or vehicle is stored in a garage, carport or designated storage area behind the house.

15.  No firearms or fireworks or anything shall be discharged on the property.

16.  Concrete culvert crossings of a design approved by Developer must be installed at all access points to the main road and are to be properly sized by the Developer or his successors or assigns.

17.  Any fences installed along roadways must be decorative woodframe, split rail style fences.  Such fences shall be constructed of cedar, redwood or treated lumber.  They shall be a minimum of three (3) rails attached to

an aesthetically pleasing design. Other decorative type fences may be installed only with prior written approval of a set of detailed drawings by a committee of three (3) appointed by the Homeowner's Association Officers.

18. Homeowner's Association and Maintenance Fund. There is hereby imposed on each tract (or future tracts) in HOLLY CREEK ESTATES, subject to these restrictions, an annual maintenance charge, payable in advance on January 1 of each year, commencing with the date of conveyance of such tract by the Developer, or his successors or assigns to a builder and/or individual owner, or the date of filing these restrictions, whichever is later. Said charge shall be applied, so far as sufficient, toward the payment of expenses incurred in improving or maintaining all streets and common areas and vacant tracts, or any other thing desirable or necessary in the opinion of the Holly Creek Homeowner's Association, Inc. to be of general benefit to the owners or occupants of the above described property. The Association or Developer shall also have the right to use said maintenance fund to enforce these restrictions.

Said maintenance charge shall be set initally at $100.00 per year, or the current rate applicable in Sections I through III, and may be raised at the discretion of the Board of Direstors by seven (7%) per year after the first year of the Association's existence. Any additional escalation or lowering of the fee or any other special assessments by the Homeowner;s Associatin may be made upon approval of seventy-five (75%) of the owners. Such additional fees are to be administered in the same manner as the regular maintence fund. The Board of Directors shall make an annual accounting to all owners of all funds received and disbursed.

Any assessments which are not paid when due shall be deliquent. If the assessment is not paid by January 31st, the assessment shall bear penalty of ten percent (10%) and shall incur this penalty each year the assessment remains delinquent.

This charge shall be a covenant running with the land and to secure payment thereof, a lien is hereby created, subject and inferior, however, to a purchase money lien or purchase money mortgage to the extent of any such charges accrued and unpaid prior to foreclosure of any such purchase money lien or purchase money mortgage. Such charge and lien are hereby assigned to Holly Creek Homeowner's Association, Inc. a Texas non-profit corporation (without recourse on Grantor in any manner for payment of such charge) which will collect all such annual funds in order that uniformity and continuity may be maintained and preserved, it being understood that the judgement of Holly Creek Homeowner's Association and its Board of Directors in the expenditure of said fund shall be final so long as said judgment is exercised in good faith. Such charge shall be deemed to be included in all deeds of conveyance of any property in Holly Creek, here after executed the same as in said provision were set out in full in each of said deeds of conveyance.

19. Roads. All roads in HOLLY CREEK ESTATES are to be private roads for the use and enjoyment of all property owners. The main road shall be deeded to the Holly Creek Homeowner's Association, Inc., by the Developer. All roads as well as any common areas owned by the Association shall be improved, operated and maintained by the Association for the benefit of all property owners.

All owners are hereby given access for ingress and egress to all roadways in all sections in HOLLY CREEK ESTATES, either now or in the future, platted by the Developer and /or dedicated or deeded to the Holly Creek Homeowner's Association.

20. Declarant reserves the right, without necessity of the joinder of any Owner or other person or entity, to grant, dedicate, reserve or otherwise create, at any time or from time to time, easements for public utility purposes or for drainage in favor or any person or entity furnishing or to furnish services to any portion of the property or for the orderly development of the Subdivision, along and on either or both sides of any property line of any lot.

21. If Grantee, or their heirs or assigns shall violate or attempt to violate any of the restrictions and covenants herein contained, it shall be lawful for the Developer, or Developer's successors, and/or assigns, or other owners under these or similar restrictions, to prosecute any

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

proceedings at law or in equity against the person or persons violating or attempting to violate such restrictions and either to prevent him or them from so doing or to recover damages or other dues for such violations, for the benefit of the Developer, his successors and assigns; or other owners, as their interest may appear. Developer, his successors and assigns, may recover attorney fees and other expenses in enforcing restrictions.

22. These covenants and restrictions shall run with the land and shall be binding upon the Grantees, thier heirs and assingns, and all persons and parties claiming under them, for a period of twenty-five (25) years from the date the declararions recorded, at which time they shall be automatically extended for successive ten (10) year periods unless changed or ended in whole or part by the owners. This declaration may be amended by an instrument signed by the officers of the Board of Directors of the Homeowner's Association attesting that the owner's of at least sixty (60%) percent of the acreage covered by these restrictions have agreed to said amendment by signing a written ballot or statement of amendment. Any instrument setting forth such amendment shall be recorded of record in the County Clerk's office of Harris County, Texas.

23. In the event any one or more of these covenants, agreements, restrictions or conditions shall become or be held invalid by reason of abandonment, waiver or judicial decision, the same shall in no wise affect the validity of the other covenants, agreements conditions or restrictions set out herein, which shall remain in full force and effect.



Return to K Ferg Properties
P.O. Box 860
Tomball, Tx 77375

HC4-DR.184

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

EXECUTED THIS _____ day of _____, 19 84.

ATTEST:                                           JACK FREY PROPERTIES, INC.

_Rozanne Buhrman_                      BY: _Hank Tate   V.P._
Rozanne Buhrman, Secretary                   HANK TATE, Vice President

_Bruce F. Johnson_                          _James F. Bailey_
BRUCE JOHNSON                               JAMES F. BAILEY

                                            _Virginia D. Bailey_
                                            VIRGINIA D. BAILEY

THE STATE OF TEXAS      }
COUNTY OF HARRIS        }

This instrument was acknowledged before me on the 22 day of
Feb _____ by Hank Tate, Vice President,
JACK FREY PROPERTIES, INC., on behalf of said corporation.

MY COMMISSION EXPIRES:
          JON RIKARD
     Notary Public, State of Texas
My Commission Expires   April 19, 1987

                                   NOTARY PUBLIC, State of Texas

                                   _Jon Rikard_
                                   Notary's Printed Name

THE STATE OF TEXAS      }
COUNTY OF HARRIS        }

This instrument was acknowledged before me on the 22 day of
Feb _____, 19 84, by JAMES F. BAILEY AND VIRGINIA D.
BAILEY.

MY COMMISSION EXPIRES:
          JON RIKARD
     Notary Public, State of Texas
My Commission Expires   April 19, 1987

                                   NOTARY PUBLIC, State of Texas

                                   Notary's Printed Name

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

THE STATE OF TEXAS }
COUNTY OF HARRIS }

This instrument was acknowledged before me on the 22nd day of 4-96, 1984, by BRUCE JOHNSON.

MY COMMISSION EXPIRES:

April 30, 1988

NOTARY PUBLIC State of Texas

Jon Rizzard

Notary's Printed Name

UNOFFICIAL COPY

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

## EXHIBIT A
### METES & BOUNDS DESCRIPTION
22.862 Acres

All that certain tract or parcel containing 22.862 acres of land in the John H. Edwards Survey, A-20, Harris County, Texas, being more particularly described by metes and bounds as follows, to wit:

BEGINNING at a 2" iron pipe found marking the southeast corner of a 32.0467 acre tract which was conveyed from E. Wheeler Coe, Jr., Trustee, to John R. Frey, Jr. by an instrument of record in File No. 1991833 of the Official Public Records of Real Property of Harris County, Texas (HCOPRRP) also being the northeast corner of a 132.7706 acre tract which was conveyed from Thomas A. Glazier et al, to Jack Frey Properties, Inc., by an instrument of record in File No. 853837 HCOPRRP;

THENCE N 0°01'45" E, 511.45 feet along the east line of said 32.0467 acre tract to a 1/2" iron pipe found for northwest corner;

THENCE departing said east line S 85°45'06" E, 458.91 feet along a fence to a 1/2" iron pipe found for northeast corner;

THENCE S 0°42'57" E, along a fence at 1164.75 feet pass a 1/2" iron pipe found at a fence corner and continuing for a distance in all of 2085.07 feet to a 1/2" iron pipe found for southeast corner;

THENCE S 89°44'36" W, 491.10 feet along a fence to a fence corner post marking the southwest corner and lying in the east line of the aforementioned 132.7706 acre tract;

THENCE N 0°15'16" E, along the east line of said 132.7706 acre tract, passing 5/8" iron rods at 73.52 feet, 752.14 feet and 1209.15 feet and continuing for a distance in all of 1609.67 feet to the PLACE OF BEGINNING and containing 22.862 acres of land.

Lonnie C. Pace II
Registered Public Surveyor
Texas Registration No. 1573

STATE OF TEXAS
LONNIE C. PACE, II
1573
REGISTERED PUBLIC SURVEYOR

Compiled by:
Pace Survey Co.
P.O. Box 50
Tomball, Texas 77375
Job No. 122-023
May 19, 1983

STATE OF TEXAS }
COUNTY OF HARRIS }

I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

FEB 27 1984

COUNTY CLERK,
HARRIS COUNTY, TEXAS

FILED
FEB 27 11:14 AM 1984
COUNTY CLERK,
HARRIS COUNTY, TEXAS

# Exhibit C

**STATEMENT OF ACCOUNT**
**TEXAS STAR 2019 CAPITAL REVOCABLE LIVING TRUST**
**23226 Oak Hollow Lane**
**Tomball, TX 77377**

**DELINQUENT ASSESSMENTS:**

| | |
|---|---:|
| 2022 Maintenance Fees | $895.00 |
| Lawn Service | 200.00 |
| Attorney's Fees | 1,616.00 |
| Violation Fines | 5,400.00 |
| | ---------- |
| **Total** | **$8,111.00** |

# Exhibit D

<div align="center">NOTICE OF LIEN</div>

**THE STATE OF TEXAS**   *

**COUNTY OF HARRIS**     *

    NOTICE is hereby given of the lien asserted by Holly Creek Estates Property Owners Association, against the following property, to-wit:

    OWNER'S NAME: Texas Star 2019 Capital Revocable Living Trust

    LEGAL DESCRIPTION: Attached as Exhibit "A"

    This Lien is for deed restriction fines and attorney's fees. The unpaid balance due thereon, together with interest thereon, after all credits and offsets, as of September 8, 2021 is $4,700 plus attorney's fees, and costs; and any unpaid subsequent assessments which may be incurred and remain unpaid, plus costs and legal fees required to collect same.

    The Homeowner may obtain a complete ledger of his account by contacting Kathy Ann Terry at the address set forth below.

    Payment of fees and release of Notice of Lien may be made or secured from:

KATHY ANN TERRY
Attorney at Law
PO Box 690141
Houston, TX  77269-0141
(281) 897-9111

    EXECUTED this 8th day of September, 2021.

                   Holly Creek Estates Property Owners Association

                   By: _____

                   Typed name: Larry Chatman

                   Title: President

**THE STATE OF TEXAS**   *

**COUNTY OF HARRIS**     *

    The foregoing instrument was acknowledged before me on this the 8th day of September, 2021 by Larry Chatman, as President of Holly Creek Estates Property Owners Association on behalf of said Association.

                           _____

                           Notary Public, State Of Texas

RETURN TO:
Kathy Ann Terry
PO Box 690141
Houston, TX  77269-0141



KATHY ANN TERRY
Notary Public, State of Texas
Comm. Expires 12-22-2021
Notary ID 11072681

Exhibit A

All that certain tract or parcel containing 5.593 acres of land in the J.H. Edwards Survey, A-20,Harris County, Texas, being a portion of a 32.0467 acre tract which was conveyed from E. Wheeler Coe, Jr., Trustee, to John R. Frey, Trustee, by an instrument of record in File No. F991833 of the Official Public Records of Real Property of Harris County, Texas (HCOPRRP), said 5.593 acres being more particularly described as follows, to wit:

Commencing for Reference at a 2" iron pipe found marking the southeast corner of the aforementioned 32.0467 acre tract, also being the most easterly northeast corner of a 132.7706 acre tract conveyed from Thomas A. Glazier, et al, to John R. Frey Properties, Inc. by an Instrument of Record in File No. F853837, HCOPRR;

Thence N 0 degrees 01' 45" E, 511.48 feet along the east line of said 32.0467 acre tract to a 1/2" iron rod found at an angle point;

Thence N 0 degrees 18' 43" E, 1027.25 feet along the east line of said 32.0467 acre tract to a 5/8" iron rod set for the southeast corner and Place OF BEGINNING of the tract herein described;

Thence N 89 degrees 29' 09" W, 266.26 feet along the center line of a 45 foot road to a point for southwest corner;

Thence N 0 degrees 30' 51" E, at 22.50 feet pass a 5/8" iron rod set for reference in the north line of said 46 foot road, at 825.81 feet pass a 5/8" iron rod set for reference, and continuing for a distance in all of 860.81 feet to a point for northwest corner in the center line of Spring Creek;

Thence S 88 degrees 31' 30" E, 47.79 feet along the center line of Spring Creek to an angle point;

Thence N 55 degrees 57' 01" E, 260.99 feet along the center line of Spring Creek to a point for northeast corner also being the northeast corner of the aforementioned 32.0467 acre tract;

Thence S 0 degrees 18' 43" W, along the east line of said 32.0487 acre tract at 985.59 feet pass a 5/8" iron rod set for reference in the north line of said 45 foot road, and continuing for a distance in all of 1008.09 feet to the Place of Beginning and containing 5.593 acres of land.

RP-2021-550101

RP-2021-550101

RP-2021-550101
# Pages 3
09/24/2021 03:05 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees   $22.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# Exhibit E

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS HOUSTON
# DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:21-CR-577 |
| | § | |
| SCOTT JACKSON DAVIS, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DECLARATION OF FRANCIS GRAVES IN SUPPORT
## OF CLAIM TO PROPERTY BY HOLLY CREEK ESTATES PROPERTY OWNERS
## ASSOCIATION

I, Francis Graves ("Declarant"), declare as follows:

1.      I am the Treasurer of Holly Creek Estates Property Owners Association (the "Association").  I am over the age of 21 and competent to make this declaration.  All of the statements set forth herein are true and correct and are based upon my personal knowledge.

2.      I have reviewed the foregoing Claim to Property by the Association filed in this action ("Claim").

3.      I verify that the factual statements contained within the Claim are within my personal knowledge or have been made known to me in my role as Treasurer of the Association. I am authorized to make this verification on behalf of the Association, and such facts are true and correct.

4.      The records attached to the Claim, specifically the Amended Deed Restrictions and Statement of Account (collectively the "Records") are true and accurate copies or exact duplicates of the original documents and were based on records kept in the regular course of business of the Association.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § CRIMINAL NO. 4:21-CR-577 |
| | § |
| SCOTT JACKSON DAVIS, | § |
| | § |
| *Defendant.* | § |
| | § |

**DECLARATION OF FRANCIS GRAVES IN SUPPORT
OF CLAIM TO PROPERTY BY HOLLY CREEK ESTATES PROPERTY OWNERS
ASSOCIATION**

I, Francis Graves ("Declarant"), declare as follows:

1.      I am the Treasurer of Holly Creek Estates Property Owners Association (the "Association").  I am over the age of 21 and competent to make this declaration.  All of the statements set forth herein are true and correct and are based upon my personal knowledge.

2.      I have reviewed the foregoing Claim to Property by the Association filed in this action ("Claim").

3.      I verify that the factual statements contained within the Claim are within my personal knowledge or have been made known to me in my role as Treasurer of the Association. I am authorized to make this verification on behalf of the Association, and such facts are true and correct.

4.      The records attached to the Claim, specifically the Amended Deed Restrictions and Statement of Account (collectively the "Records") are true and accurate copies or exact duplicates of the original documents and were based on records kept in the regular course of business of the Association.

5.      These Statement of Account (the "Statement") was made at or near the time of each act, event, condition, opinion, or diagnosis set forth in the Statement.  It was the regular practice of the Association to record the information set forth in the Statement.   I am familiar with the circumstances under which the Statement was made and I am not a party to the action set for above.  The Statement was made by, or from information transmitted by, persons with knowledge of the content therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    9-22-22

Francis Graves

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:21-CR-577 |
| | § | |
| SCOTT JACKSON DAVIS, | § | |
| | § | |
| *Defendant.* | § | |

**DECLARATION OF KATHY ANN TERRY IN SUPPORT OF HOLLY CREEK ESTATES PROPERTY OWNERS ASSOCIATIONS ATTORNEY FEES**

I, Kathy Ann Terry ("Declarant"), hereby declare as follows:

1.      I am the attorney for Holly Creek Estates Property Owners Association ("Association"). I submit this Declaration in support of attorneys' fees in connection with services rendered by Kathy Ann Terry on behalf of the Association. Unless otherwise stated herein, I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      My firm served as counsel for the Association in matters relating to the enforcement of its Claim to Property ("Claim") relating to real property, ordered by the court condemned and forfeited to Plaintiff, and with a street address of 23226 Oak Hollow Lane, Tomball, Texas 77377 (the "Property"). The tasks undertaken by my firm relating to the Claim can be summarized as follows: (i) a thorough legal and factual investigation of the Association's claim to the Property; (ii) initiation of proceedings against the Property concerning the collection of outstanding funds

owed to the Association; and (iii) communications with the Association and the preparation and filing of the Association's Claim in the above captioned matter.

3.      I have spent 3.5 hours preparing and filing this claim, 2.0 hours on 07-27-2022 and 1.5 hours on 07-28-2022.   My hourly fee is $325.00. These fees were prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4.      My firm's hourly rates are largely based upon a combination of the level of experience and practice area for each attorney and professional support staff employee, as well as market rates for practitioners in the field. These hourly rates are the same as, or comparable to, rates submitted by other firms and accepted by courts in commercial litigation matters.

5.      These fees are based on records kept by my firm and the records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth in the Records, or as reflected in the title of the respective record. It was the regular practice of my firm to record the information set forth in the records. The Declarant is familiar with the records and the circumstances under which they were made, and the Declarant is not a party to the action set forth above.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Kathy Ann Terry



Kathy Ann Terry
Attorney at Law
PO Box 690141
Houston, TX 77269

United States C...
Southern District of T.....
FILED

SEP 2 6 2022

Nathan Ochsner, Clerk of C...

U.S. Criminal Court
PO Box 61010
Houston, Texas 77208